THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONSTANCE SELTMAN and GARY SELTMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) Case No.:  3:22-cv-664 |
| COSTCO WHOLESALE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

**NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1446 (b)**

Comes now Defendant, Costco Wholesale Corporation, by counsel, and for its Notice of Removal Pursuant to 28 U.S.C. § 1446(b) states:

### I.  Background

1. The present action arises out of an alleged incident on June 15, 2020 in which the Plaintiff, Constance Seltman, claims to have been struck by a roll of toilet paper that fell from a shelf. This is alleged to have happened on the premises of the Defendant, Costco Wholesale Corporation, located in St. Joseph County, Indiana.

2. Count 1 of the Complaint seeks damages for Constance Seltman being struck by a roll of toilet paper.

3. Count 2 of the Complaint seeks damages on behalf of Gary Seltman, the husband of Constance Seltman, for the loss of care, comfort, and society of his wife for allegedly being struck by a roll of toilet paper.

4. The Plaintiff's Complaint, which was filed in St. Joseph (Indiana) Circuit Court on March 17, 2022, was silent on the amount of damages. *See Exhibit A*.

5. On July 21, 2022, the Plaintiff filed a Response to Request for Admissions of Fact. When asked for an admission that the Plaintiff's damages do not exceed $75,000, the Plaintiff's Counsel objected by indicating that the proposed admission invaded the province of the jury. This Response to Request for Admission of Fact has been attached as Exhibit B to this Notice of Removal. *See Exhibit B.*

## II.  Removal via Diversity Jurisdiction

### Timeliness of Removal

6. 28 USCS § 1441 provides:

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. 28 USCS § 1332(a) provides:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) Citizens of different States;"

8. 28 USCS § 1446(b)(3) provides:

"Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

9. 28 USCS § 1446(c)(3)(A) provides:

"If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."

2

10. Normally, a request for Removal to Federal Court requires that the Defendant file a notice within 30 days after service of the initial pleading. *28 USCS § 1446(b)(2)(B)* In this case, the Summons to the Defendant was filed by the Plaintiff on March 17, 2022 and that initial 30-day window is now closed.

11. At the time the defendant was initially served in March of 2022, the pleadings did not indicate the case was removable as it did not claim damages exceeding $75,000. Additionally, the defendant did not believe that the case was removable to federal court because the Defendant did not believe the amount in controversy exceeded $75,000. This believe is reasonable given the nature of the allegations (Plaintiff alleges to have been hit by a roll of toilet paper).

12. The Defendant first ascertained that this case is one that is removable by the Plaintiff's July 21, 2022 Response to Request for Admission of Fact. In this Response, the Plaintiff refused to admit that the Plaintiff's damages do not exceed $75,000. The Plaintiff noted an objection and stated the Request "Invades the province of the jury." This Response has been attached to this Removal Petition as Exhibit A.

13. 28 USCS § 1446(b)(3) allows removal within 30 days from the date in which the defendant first receives information from which it may be first ascertained that the case is, or has become, removable.

14. The Plaintiff's July 21, 2022 Response to Request for Admission of Fact is the document that provided the defendant with the information in which it was first ascertained that the case is removable. A new 30-day removal window opened on July 21, 2022.

15. Accordingly, this Removal request is being filed in a timely manner. Removal to Federal Court is proper under 28 USCS § 1446(b)(3) until the end of the day on August 22, 2022. (The 30th day falls on Saturday, August 20, 2022. Federal Rule of Civil Procedure 6(a)(1)(C) extends this until August 22, 2022).

16. Diversity of citizenship exists between the Plaintiffs, who are citizens of the State of Indiana, and Defendant Costco Wholesale Corporation, which is a citizen of the state of Washington.

17. Upon information and belief, at the time of the filing of the Complaint, the Plaintiffs were all domiciled in St. Joseph County, Indiana, and, therefore, were citizens of Indiana.  See *Precision Alliance Group, LLC v. Gro Alliance, LLC*, 2007 U.S. Dist. LEXIS 84634 (D. Ind. 2007) ("[f]or natural persons, state citizenship is determined by one's domicile."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (citizenship for purposes of § 1332 means domicile); *Davis v. Carter*, 2003 U.S. App. LEXIS 2984 (7th Cir. 2003) ("domicile means an established residence with intent to remain").

18. Defendant Costco Wholesale Corporation is a corporation.

19. For the purposes of section 1332 and section 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 USC § 1332(c).

20. Defendant Costco Wholesale Corporation is a citizen of the State of Washington. *Lopez v. Costco Wholesale Corp.*, No. CV 22-3963 FMO (ASX), 2022 WL 2342649, at *2 (C.D. Cal. June 29, 2022); *Stephan v. Costco Wholesale Corp.*, No. SACV1800712AGAFMX, 2018 WL 3062153, at *1 (C.D. Cal. June 18, 2018). "Accordingly, the Court determines Costco is a

4

Washington citizen for the purposes of diversity jurisdiction." *Holliday v. Costco Wholesale Corp.*, No. 220CV01106SVWRAO, 2020 WL 1638607, at *1 (C.D. Cal. Apr. 2, 2020)

21.     The Seventh Circuit has adopted the "nerve center test" to determine a corporation's principal place of business. *Chamberlain Mfg. Corp. v. Maremont Corp.*, 1993 U.S. Dist. LEXIS 1215 (D. Ill. 1993). "We look for the corporation's brain, and ordinarily find it where the corporation has its headquarters." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). Among the factors considered by the Seventh Circuit in determining the location of corporation's nerve center are the location of the general offices and where management decisions are made. *Chamberlain Mfg. Corp. v. Maremont Corp.*, 1993 U.S. Dist. LEXIS 1215 (D. Ill. 1993).

22.     The location of the general offices and the "nerve center" of Defendant Costco Wholesale Corporation is in Washington State.

**Amount in Controversy**

23.     The amount in controversy exceeds $75,000.00

24.     "[T]he court may consider various means to determine how much is in controversy, including (but not limited to) interrogatories or admissions, calculation from the complaint's allegations, reference to the plaintiff's informal estimates or settlement demands, or defendant affidavits regarding how much it would cost to satisfy the plaintiff's demands." *Mo. Franchise Dev. Sys., LLC v. McCord*, 2007 U.S. Dist. LEXIS 32629, 7-8 (D. Ill. 2007); see also *Bailey v. ConocoPhillips Co.*, 2006 U.S. Dist. LEXIS 87653 (D. Ill. 2006); *Shadday v. Mahuad*, 2006 U.S. Dist. LEXIS 57283, 8-9 (D. Ind. 2006) ("When the plaintiff's complaint does not establish the amount in controversy, defendant can point to relevant contentions or admissions, settlement demands, and other evidence.").

25. The Seventh Circuit has "acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011).

26. The Plaintiffs have refused to admit that their damages are less than $75,000. (See Exhibit A)

27. Therefore, the amount in controversy exceeds $75,000.

WHEREFORE, the Defendant, Costco Wholesale Corporation, by counsel, hereby serves its Notice of Removal pursuant to 28 U.S.C. § 1446(b).

        KIGHTLINGER & GRAY, LLP

By _____
        John H. Halstead, ID No. 23594-53
        jhalstead@k-glaw.com
        Attorneys for Defendants

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413